UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Criminal Case No. 17-20179

Byron Williams,

                                                        Sean F. Cox
    Defendant.                           United States District Court Judge

_____/

## **MEMORANDUM OPINION**

On December 1, 2017, Defendant Byron Williams appeared for sentencing on his Rule 11 guilty plea to one count of wire fraud, 18 U.S.C. § 1343. Prior to sentencing, Defendant objected to application of two offense level enhancements: (1) § 2B1.1(b)(2)(A)(i) (offense involved 10 or more victims) and (2) § 3B1.1(a) (organizer or leader of a criminal activity that involved five or more participants). At the hearing, the Court overruled Defendant's objections. The Court now issues this Memorandum Opinion to further explain its rulings in writing.

*Offense Involving Ten or More Victims.* Defendant objected to the § 2B1.1(b)(2)(A)(i) enhancement, which applies if the offense involved ten or more victims. In cases involving identity theft, a "victim" includes "any individual whose means of identification was used unlawfully or without lawful authority." *United States v. Finley*, 600 Fed. App'x. 964, 969 (6th Cir. 2015), citing § 2B1.1 cmt. 4(E). The sixteen exhibits accompanying the Government's Sentencing Memorandum (Doc. # 36) describe sixteen different individuals whose identities Defendant used to fraudulently obtain, or attempt to obtain, unemployment benefits. These individuals are "victims" under § 2B1.1. Because there are at least ten or more victims, the

Court finds that the § 2B1.1 enhancement applies.

*Organizer or Leader.* Defendant also objected to the § 3B1.1(a) "Aggravating Role" enhancement, which applies if Defendant "was an organizer or leader of a criminal activity that involved five or more participants . . . ." To determine whether this enhancement applies, the Court considers the following factors: "1) exercise of decision-making authority, 2) the nature of participation in the commission of the offense, 3) the recruitment of accomplices, 4) the claimed right to a larger share of the fruits of the crime, 5) the degree of participation in planning or organizing the offense, 6) the nature and scope of the illegal activity, and 7) the degree of control and authority exercised over others." *United States v. Morales-Martinez*, 545 Fed. App'x. 495, 497-98 (6th Cir. 2013), citing § 3B1.1 cmt. n. 4.

Defendant was the primary decision-maker for his scheme. He planned and directed the filing of fraudulent wage statements and unemployment benefit claims for 114 fictitious employees through five companies that he created. PSR, ¶ 23. This significant scheme involved more than $726,000 in fraudulent proceeds. Defendant controlled payments and moved deposits to his American Express cards or to his girlfriend's bank accounts. *Id*. at ¶ 14. He controlled all aspects of the scheme, including access to accounts, where the monies were received, and when and where funds were transferred. *Id.* at ¶ 23. Defendant also recruited accomplices, whose actions he directed and controlled. *Id*. at ¶ 20-21. Defendant's criminal activity involved far more than five participants. He persuaded numerous individuals to allow their identification information to be used in his scheme. *Id*. at ¶ 20. Several of the participants indicated that Defendant directed and assisted them in filing their fraudulent claims. *Id.* Taken together, these considerations support the conclusion that Defendant was the organizer or leader. Therefore, the

Court finds that the § 3B1.1 enhancement applies.[1]

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: December 5, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2017, by electronic and/or ordinary mail.

> s/Jennifer McCoy
> Case Manager

---

[1] Defendant also argued that two individuals, Jonathan Sanders and Harold Holmes, were the owners of several of the companies attributed to Defendant. The Court rejects this argument because Defendant has not produced any evidence of his claim beyond his cursory assertion. *See United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003).