UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Criminal Case No. 17-20179

Byron Williams,                Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Byron Williams ("Defendant") pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343 and was sentenced to 60 months of imprisonment. His offense was non-violent but involved fraudulently obtaining nearly $727,000 in unemployment benefits. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. The Court held a hearing on March 17, 2021. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal case, Defendant pleaded guilty pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343 and was sentenced to 60 months of imprisonment. His offense was non-violent and involved fraudulently obtaining nearly $727,000 in unemployment benefits.

Acting *pro se*, on August 24, 2020, Defendant filed a Motion for Compassionate Release

under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19") and his health conditions.

The Government initially opposed the motion but then, in a brief filed on October 30, 2020, asserted that the motion should be denied as moot because the Bureau of Prisons ("BOP") had advised that it had approved Defendant for release to home confinement, scheduled for November 17, 2020.

The release never occurred, however, because Defendant was charged with a disciplinary infraction. Thereafter, counsel was appointed for Defendant to assist with his motion. The parties have filed supplemental briefs, which this Court has carefully reviewed.

Defendant is a 53 year old African-American man who has hypertension and asthma, which he argued would make him susceptible to more severe illness if he were to contract COVID-19. He has served roughly 41 months of his 60 month sentence. He is currently being housed at MCI Morgantown. Defendant is eligible for halfway house placement in July of 2021. He has completed re-entry programs while incarcerated. The Court has received letters of support from family members.

The Government acknowledges that Defendant has met the exhaustion requirement. It concedes that Defendant suffers medical conditions that are established to place him at increased risk of severe illness from the virus. But the Government notes that Defendant has already been infected with COVID-19, without suffering severe symptoms, and has recovered. The Government notes that many steps have been taken to protect inmates, and vaccinations have started occurring. The Government also contends the motion should be denied based upon a consideration of the § 3553(a) factors.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates,

3

and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because his medical conditions, in light of the ongoing pandemic, constitute extraordinary and compelling circumstances.

4

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, Defendant's motion asserted that he is heightened risk of more serious illness, if he were to contract COVID-19, because of his hypertension and asthma. The Government concedes that Defendant suffers medical conditions that are established to place him at increased risk of severe illness from the virus. But it notes that Defendant has already been infected with the virus, without having suffered severe symptoms, and has recovered. In light of that, this Court does not believe that Defendant has established extraordinary and compelling circumstances.

Moreover, this Court also concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense weighs against his release. Although Defendant's offense was not violent, Defendant fraudulently obtaining nearly

5

$727,000 in unemployment benefits. As this Court noted during Defendant's original sentencing, this offense involved the use of stolen personal information of at least fifteen people. This is a serious and troubling offense. And Defendant has received infractions while incarcerated.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 18, 2021